UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

July 15, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Clinton H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-2310-BAH

Dear Counsel:

On September 9, 2021, Plaintiff Clinton H. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") final decision to deny Plaintiff's claim for benefits. ECF 1. Before the Court are Plaintiff's motion for summary judgment, ECF 11, Defendant's motion for summary judgment, ECF 12, and Plaintiff's reply, ECF 13. I have considered the record in this case and the parties' filings. ECF 8, 11, 12, 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion for summary judgment, DENY Defendant's motion for summary judgment, GRANT alternative motion for remand, REVERSE the Commissioner's decision, and REMAND the case to the SSA pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains why.

I.   **BACKGROUND**

Plaintiff filed a Title II application claim for a period of disability and disability insurance benefits ("DIB") and a Title XVI application for supplemental security income ("SSI") benefits, alleging a disability onset of December 20, 2019. Tr. 182–89. Plaintiff later amended the alleged date of onset to November 19, 2019. Tr. 17, 210. Plaintiff's claims were denied initially and on reconsideration. Tr. 104–16, 117–21. On April 5, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 34–59. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15–33. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ employed the five-step sequential evaluation process to evaluate a claimant's disability determination. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 19, 2019, the amended alleged onset date. Tr. 17.

At step two, the ALJ found that Plaintiff suffered from the severe impairments of

*Clinton H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-2310-BAH
July 15, 2022
Page 2

"schizophrenia; alcohol dependence; and posttraumatic stress disorder (PTSD)[.]" Tr. 18. The ALJ then found that Plaintiff's alleged impairments do not "meet[ ] or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to the performance of simple, routine, and repetitive tasks, but not at a production-pace rate, and there would be to no more than occasional contact with co-workers or the public, but should be around no more than 10 members of the public at one time.

Tr. 23. The ALJ concluded that Plaintiff could not perform past relevant work as a stage technician or an electrician helper. Tr. 26. However, the ALJ concluded that Plaintiff would be able to perform the requirements of representative occupations that exist in sufficient numbers in the national economy such as "merchandise marker (DOT [Dictionary of Occupational Titles] 209.587-034)," "mail sorter (DOT 209.687-026)," and a "hand packer/packager (DOT 920.587-018)." Tr. 27. Accordingly, the ALJ determined that Plaintiff was not disabled from November 19, 2019, through April 19, 2021, the date of the ALJ's decision. Tr. 28–29.

## II.   LEGAL STANDARD

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence. *Britt v. Saul*, 860 Fed. Appx. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019)). "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Craig*, 76 F.3d at 589).

## III.   ANALYSIS

Plaintiff's sole argument on appeal is that the ALJ erroneously assessed Plaintiff's RFC because the ALJ "overlooked limitations or restrictions that would narrow the ranges and types of work that Plaintiff may be able to do." Pl.'s Br. 11, ECF 11-1. More specifically, Plaintiff contends that "[t]he record in the instant case contains credible evidence indicating that Plaintiff suffers limitations with understanding and remembering 'detailed' instructions, as required to perform occupations with [General Educational Development] GED Reasoning Code 2." *Id.* at 13 (citing Tr. 65, 74, 87, 98). Plaintiff rests the argument on two state agency psychological evaluations that both included findings that "Plaintiff's 'ability to carry out detailed instructions' is 'moderately limited' such that [Plaintiff] retains the capacity for, in relevant part, 'routine, 1-2 step repetitive tasks in a low pressure setting with minimal change in routine and little decision making.'" *Id.* (citing (Tr. 65–66, 87–88). Despite crediting these evaluations and presumably the conclusions therein, Plaintiff argues that "the ALJ neither posed this limitation in a hypothetical to the vocational expert ("VE") nor included a limitation 'one- and two-step' repetitive tasks in

Case 1:21-cv-02310-BAH   Document 14   Filed 07/15/22   Page 3 of 5

*Clinton H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-2310-BAH
July 15, 2022
Page 3

the RFC." *Id.* This error was significant, according to Plaintiff, because "all three of the jobs relied upon by the ALJ to deny plaintiff at step five require employees to carry more than 'one- and two-step tasks." *Id.* at 15. Plaintiff notes that one of the three (3) jobs – mail sorter – requires Level 3 reasoning abilities . . . ." *Id.* at 16.

Defendant counters that "the ALJ's RFC finding is supported by substantial evidence," and disagrees that the ALJ was required to adopt the "[s]tate agency psychological consultants' opinions in their entirety[.]" Def.'s Br. 8, ECF 12-1. Defendant also notes that the VE's testimony and hypothetical "matched the ALJ's RFC finding." *Id.* As to the claim that one representative job "is a reasoning level 3," Defendant notes that even assuming an error, "Plaintiff would still be capable of performing the other two occupations at Reasoning Level 2" that have enough "jobs in the national economy" to satisfy the Commissioner's burden. *Id.* at 10. As such, any error in this regard is harmless.

Plaintiff argues that the ALJ erred in not crediting two opinions that establish that Plaintiff can only perform work that requires, at most, a General Education Development (GED) Reasoning Level 1. Plaintiff avers that the ALJ appears to fully endorse these "prior administrative medical findings," including the finding that Plaintiff "retains the capacity for routine, one- and two-step repetitive tasks in a low-pressure setting with minimal change in routine and little decision-making." Tr. 25. Plaintiff argues that "[d]espite the probative value of such opinions indicating that Plaintiff has the RFC to perform jobs consisting of only 'routine, one- and two-step repetitive tasks,' the ALJ neither posed this limitation in a hypothetical to the vocational expert nor included a limitation 'one- and two-step' repetitive tasks in the RFC." Pl.'s Br. 15, ECF 11-1 (citing Tr. 23, 56). Plaintiff alleges harmful error because the ALJ's hypothetical posed to the VE, the ALJ's finding as to Plaintiff's RFC, and the three potential occupations found by the VE that Plaintiff allegedly could perform, all included limitations consistent with a higher GED Reasoning Level than these state expert opinions support.

Plaintiff appears to be correct in arguing that the three occupations listed by the ALJ mandate a GED Reasoning Level 2 or higher, which requires Plaintiff to have the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." Dictionary of Occupational Titles ("DOT"), Appendix C - Components of the Definition Trailer, 1991 WL 688702 (1991).[1] Plaintiff is also correct that an "RFC that limited [Plaintiff] to performing simple one-to-two step tasks with low stress" would be

---

[1] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Case 1:21-cv-02310-BAH   Document 14   Filed 07/15/22   Page 4 of 5

*Clinton H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-2310-BAH
July 15, 2022
Page 4

inconsistent with a finding that Plaintiff can perform occupations that carry a GED Reasoning Code 2. *Henderson v. Colvin*, 643 F. App'x 273, 276 (4th Cir. 2016) (citing *Rounds v. Comm'r*, 807 F.3d 996, 1003 (9th Cir.2015)). However, despite appearing to agree with the state psychological assessments that limited plaintiff to "one- and two-step repetitive tasks," Tr. 25, the ALJ reasoned that Plaintiff retains the RFC to do more. Tr. 23. Thus, the question before the Court is whether this conclusion is supported by substantial evidence. On this record, I cannot find that it is, and thus, remand is appropriate.

"The RFC determination is an issue ultimately reserved for the ALJ." *Geraldine S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3447, 2019 WL 3935376, at *1 (D. Md. Aug. 20, 2019). An ALJ's RFC determination must be based "on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). However, the ALJ "need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC assessment." *Jackson v. Comm'r, Soc. Sec.*, CCB-13-2086, 2014 WL 1669105, at *2 (D. Md. Apr. 24, 2014). Here, the ALJ unquestionably credited the state psychological consultants' findings, including "the conclusion that the claimant retains the capacity for routine, one- and two-step repetitive tasks in a low-pressure setting with minimal change in routine and little decision-making." Tr. 25. The ALJ's only stated change to these opinions was the addition of a "more specific limitation on [Plaintiff's] contact with the public . . . ." Tr. 26.

However, despite finding these opinions "persuasive" and appearing to adopt both, the ALJ omitted the "one- and two-step" limitation from the RFC and the hypothetical posed to the VE. Tr. 56. Defendant is correct that "the ALJ need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC assessment." Def.'s Br. 5–6, ECF 12-1 (citing *Geraldine S.*, No. CV SAG-18-3447, 2019 WL 3935376, at *1). However, the ALJ did just that by fully endorsing the state psychological opinions and choosing not to include these opinions as part of a larger "analy[sis] and synthesi[s] [of the] medical record as a whole." *Nuton v. Astrue*, No. SKG-08-1292, 2010 WL 1375297, at *4 (D. Md. Mar. 30, 2010). To be sure, Defendant provides in its briefing a level of analysis that may explain why the ALJ chose to reject portions of the state psychological assessments in favor of a more robust RFC. Def.'s Br. 5–9, ECF 12-1. However, the ALJ did not provide this level of analysis in the ALJ's findings and thus, I cannot find that the ALJ's opinion as to this point is supported by substantial evidence.

It is true that the ALJ is afforded "great latitude in posing hypothetical questions." *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999). An ALJ "need only pose those that are based on substantial evidence and accurately reflect a plaintiff's limitations." *Sara H. v. Comm'r, Soc. Sec. Admin.*, SAG-20-3358, 2021 WL 4426875, at *1 n.1 (D. Md. Sept. 27, 2021) (citing *Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988)). "Indeed, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence." *Id.* (citing *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005)). Here, however, the ALJ's hypothetical question failed to include the limitations in the state psychological evaluations, limitations that the ALJ explicitly credited and found persuasive. This blatant incongruity goes unexplained by the ALJ, and thus I cannot find that the questions to the VE are supported by substantial evidence.

*Clinton H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-2310-BAH
July 15, 2022
Page 5

Moreover, the ALJ's omissions are not without consequence. As noted above, the representative occupations that the ALJ found Plaintiff capable of performing are incompatible with an RFC that limits Plaintiff to the performance of "one-to-two step tasks." Thus, substantial evidence to support the ALJ's finding that Plaintiff can perform several jobs requiring a GED Reasoning Level 2 is lacking, and remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 11, is **DENIED** and Defendant's Motion for Summary Judgment, ECF 12, is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is **REVERSED** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge